# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | | |
|---|---|---|
| WILLIAM GOLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:19-CV-253-PLR-HBG |
| | ) | |
| TIM GUIDER and LOUDON COUNTY | ) | |
| SHERIFF'S DEPARTMENT,[1] | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

The Court is in receipt of a pro se prisoner's complaint under 42 U.S.C. § 1983 [Doc. 2]

and a motion for leave to proceed *in forma pauperis* [Doc. 1]. For the reasons set forth below,

Plaintiff's motion for leave to proceed in forma pauperis [*Id.*] will be **GRANTED** and this action

will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983.

## I.      FILING FEE

Under the Prison Litigation Reform Act of 1995, a prisoner who files a complaint in a

district court must tender the full filing fee *or* he must file (1) an application to proceed *in forma*

*pauperis* without prepayment of fees *and* (2) a certified copy of his inmate trust account for the

previous six-month period (or institutional equivalent). 28 U.S.C. § 1915(a)(2). Plaintiff has not

paid the required $400.00 filing fee, nor has he submitted the proper documents to proceed *in*

*forma pauperis*. Specifically, Plaintiff has not filed a certified copy of his inmate trust account for

---

[1] As it appears that Plaintiff intended to sue both Sheriff Tim Guider and the Loudon County Sheriff's Department [Doc. 2 p. 1 and 3], the Clerk will be **DIRECTED** to update the Court's docket sheet to reflect this.

the previous six-month period based on the allegation that he was unable to obtain it from jail officials [Doc. 1-1].

It appears, however, that Plaintiff is no longer incarcerated or is incarcerated in an unknown jail, as the United States Postal Service returned the Court's previous mail to Plaintiff as undeliverable [Doc. 4 p. 3] and the Tennessee Department of Corrections lists Plaintiff as on parole (https://apps.tn.gov/foil-app/results.jsp). Accordingly, the Clerk will be **DIRECTED** to update Plaintiff's address to the permanent home address listed in his complaint [Doc. 2 p. 3] and to send this memorandum opinion and the accompanying order to that address. Also, pursuant to 28 U.S.C. § 1915, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] will be **GRANTED** and the Court will not assess the filing fee.

## II. SCREENING STANDARD

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520

(1972).  Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however.  *Twombly*, 550 U.S. at 555, 570.  Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

## III.    ANALYSIS

The substantive portion of Plaintiff's complaint states as follows:

> I'm su[]ing this jail because of the charges of 92, 94, 97, 2010, and 2019 because all are unfaiction [sic].  Trying to say or said that I was at this lady's house and I didn't because I went home and got ready for work.  All of the other charges are re[la]ted.

[Doc. 2 p. 3–4].  As relief, Plaintiff seeks to have all charges taken off of his record [*Id.* at 5]. None of these allegations allow the Court to plausibly infer that any named Defendant violated Plaintiff's constitutional rights, however.

Further, to the extent that Plaintiff seeks relief based on claims that would imply the validity of underlying convictions and/or sentences, he does not allege or set forth any facts allowing the Court to plausibly infer that any such conviction or sentence has been reversed, expunged, or otherwise declared invalid.  In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that an action for damages for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a state conviction or sentence invalid" cannot be maintained unless the prisoner can show that his conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87.  In other words, "§ 1983 damages actions that necessarily require the plaintiff to

prove the unlawfulness of his conviction or confinement" are not considered "appropriate vehicles for challenging the validity of outstanding criminal judgments." *Id*. at 486.

The *Heck* rule extends to claims for injunctive relief where a favorable judgment would necessarily imply the invalidity of a prisoner's sentence. *See Wilkinson v. Dotson*, 544 U.S. 81–82 (2005) (holding that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration"). As such, any such claim must be asserted under 28 U.S.C. § 2254. *See id*. at 78 (noting that "a prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement but instead must seek federal habeas corpus relief).

Accordingly, even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983.

## IV. CONCLUSION

For the reasons set forth above;

1. The Clerk will be **DIRECTED** to update Plaintiff's address to the permanent home address listed in his complaint [Doc. 2 p. 3] and to send this memorandum opinion and the accompanying order to that address;

2. Pursuant to 28 U.S.C. § 1915, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] will be **GRANTED** and the Court will not assess the filing fee;

3. This action will be **DISMISSED**; and

4. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

**E N T E R :**

PAMELA L. REEVES
CHIEF UNITED STATES DISTRICT JUDGE